UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERESA MARIE WILLIAMS,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>　　　　　　　Respondent. | Case No. 1:17-CV-00062-CWD<br><br>**MEMORANDUM DECISION AND ORDER AWARDING EQUAL ACCESS TO JUSTICE ACT FEES (DKT 16)** |

## INTRODUCTION

Pending before the court is the Petitioner Teresa Marie Williams's Motion for EAJA Fees and Costs Pursuant to 28 U.S.C. § 2412. (Dkt. 16.) Respondent, the Acting Commissioner of the Social Security Administration, filed a response opposing the motion. (Dkt. 17.) In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the motion will be decided on the record and without oral argument. Dist. Idaho L. Rule 7.1(d). As discussed more fully below, Court will award Equal Access to Justice Act fees and costs to Williams.

## FACTUAL BACKGROUND

Williams applied for disability benefits and supplemental social security income under Title II of the Social Security Act, claiming that she was unable to work due to a variety of ailments and their combined impact. The Administrative Law Judge (ALJ) determined that Williams had the residual functional capacity (RFC) to perform her previous work as a human resources officer and other light work. Therefore, the ALJ concluded Williams was not disabled and denied her application for benefits.

Williams requested review of the decision by the Appeals Council, which affirmed the ALJ's decision—making the denial of benefits the Commissioner's final decision. Thereafter, Williams filed a petition with the district court seeking review of the decision. She argued that the ALJ's decision was not supported by substantial evidence and was based on an incorrect legal standard. Specifically, she argued that the ALJ erred: (1) by rejecting the opinion of a treating provider and the VA disability assessment in favor of non-examining, non-treating agency consultants; (2) by finding her allegations of pain and other symptoms inconsistent with the medical record; and (3) by assigning Williams an RFC not supported by substantial evidence, because the RFC did not adequately account for the cumulative effects of her limitations.

On March 21, 2018, the Court entered a Memorandum Decision and Order reversing and remanding the decision of the Social Security Administration and granting Williams's request for review. (Dkt. 13.) The Court determined that the ALJ did not support his decisions to assign a Veterans Administration (VA) disability rating little

weight, to discount Williams's credibility, or to assign little weight to the opinion of her treating physician with substantial evidence in the record. (Dkt. 13 at 26.) The Court found further that the ALJ failed to provide clear and convincing reasons to support his adverse credibility finding. The Court found also that such errors infected the ALJ's RFC assessment and his determination that Williams was able to perform past relevant work or other light work. *Id.*

On May 10, 2018, Williams moved the Court for an order awarding attorney's fees in the amount of $4,805 pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. 2412(d). On May 31, 2018, the Commissioner submitted a response, asking the Court to deny Williams's motion. Therein, the Commissioner argues that Williams is not entitled to fees under the EAJA if the Court finds the Commissioner's position in denying the social security benefits was substantially justified. The Commissioner asserts that the ALJ's position on the VA disability rating, Williams's credibility, and the treating physician's opinion had a reasonable basis in law and fact, and was substantially justified such that no award is due pursuant to 28 U.S.C. § 2412(2)(d)(1)(A).

## STANDARD OF LAW

The EAJA provides that a court will award fees and other expenses to a prevailing party when such fees and other expenses were incurred by that party in any civil action brought against the United States, unless a court finds that "the position of the United States was substantially justified or that special circumstances make an award unjust." 28

U.S.C. § 2412(d)(1)(A). Fees and other expenses include "reasonable attorney fees." *Id.* § 2412(d)(2)(A).

In a social security case, if the Commissioner seeks to avoid paying attorney fees for a prevailing party, it is the Commissioner's burden to show the "position with respect to the issue on which the court based its remand was 'substantially justified.'" *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017). Substantial justification is shown when the position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, the position must have "a reasonable basis in both fact and law." *Id.*

Although is a strong indication that the position of the Commissioner is not substantially justified if not supported by substantial evidence, a court may not base its decision on that fact alone. *Decker* at 664. Instead, a court "must assess the justification of the Commissioner's position based on its reasonableness before the district court made its decision on the merits." *Id.* "In determining whether a party is eligible for fees under EAJA, the district court must determine whether the government's position regarding the specific issue on which the district court based its remand was 'substantially justified'— not whether the ALJ would ultimately deny disability benefits." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017). In simpler terms, a court must determine whether the Commissioner's *litigation position* was substantially justified. *Decker* at 661. When the government's opposition to remand of the claim on the merits is reasonable—even if a petitioner is successful in obtaining a remand—a court may not award EAJA fees.

## ANALYSIS

The issues presented to the Court by Williams's appeal of the denial of benefits were whether the ALJ's decision was supported by substantial evidence and based on the correct legal standard. The Court concluded there was not substantial evidence and also that the ALJ erred in choice of legal standard in several areas of the determination. Significantly, the Court found that the error made by the ALJ by assigning a VA disability rating of 100 percent "little weight" alone warranted remand—it "negate[d] the validity of the ALJ's ultimate conclusion." (Dkt. 13 at 11) (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Additionally, the Court identified other significant errors in the ALJ's decision and discussed those as well. (Dkt. 13 at 11-27.)

However, the question presently before the Court does not require such further inquiry. As set forth above, the Court must determine only whether the Commissioner's litigation position was justified to a degree that would satisfy a reasonable person. The Court concludes it was not—because of the very basic legal error the ALJ made in deciding to afford the VA disability determination little weight.

The ALJ stated that differences between the rules governing the VA's determination and the regulations governing a determination by the SSA called for such diminution. However, this reasoning was clearly rejected by the United States Court of Appeals for the Ninth Circuit in 2002. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). In *McCartey*, the Ninth Circuit clarified that an ALJ must typically give great weight to VA determinations of disability. *Id.* And, held that an ALJ may give less

weight to a VA determination only when the ALJ identifies persuasive, specific, and valid reasons for doing so that are supported by the record. *Id.* at 1076.

In Williams's case, the ALJ failed to provide any analysis of the VA rating that would indicate the ALJ gave it consideration at all. Further, the ALJ failed to specifically discuss any evidence the VA had available for its review, or to identify new evidence that the VA may not have had in its possession to justify his decision to give the rating little weight. The only reason cited by the ALJ for his decision to assign the rating little weight was that the VA and the SSA use different processes to determine whether an individual is disabled. Such cursory reasoning clearly violates the legal standard set forth in *McCartey*.

Therefore, the fact that the ALJ failed entirely to use the correct legal standard to evaluate and assign weight to the VA disability determination was not only a sufficient reason itself to support the Court's decision to remand the case—remand was also the only reasonable result. Based on the foregoing, the Court concludes the litigation position of the United States was not substantially justified.

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Petitioner is granted attorney fees in the amount of $4,805.00.

2) Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award must be sent by

Respondent to Petitioner's attorney, Barbara Harper, at her address, 611 West Hays Street, Boise, Idaho 83702.

3) After the Court issues this Order, Respondent must consider the matter of Petitioner's assignment of EAJA fees and expenses to Petitioner's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Respondent agrees to contact the Department of Treasury after this Order is entered to determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, or the offset is less than the fees and expenses, those fees and expenses, or remaining fees and expenses, will be paid directly to Petitioner's attorney, by check payable to him and mailed to his address.

DATED: July 03, 2018

Candy W. Dale
U.S. Magistrate Judge